```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
 _____
                               )
RICHARD K. ELLIS,              )
                               )
          Plaintiff,           )
                               ) Civil Action No. 15-0025 (EGS)
     v.                        )
                               )
MARTIN J. GRUENBERG,           )
                               )
          Defendant.           )
 _____)
```

## MEMORANDUM OPINION

Pending before the Court is Defendant Martin J. Gruenberg's ("Defendant") Motion to Dismiss or Transfer for improper venue. Mot. Dismiss or Transfer, Docket No. 6. Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion to Transfer is **GRANTED.**

### I. Background

Plaintiff Richard K. Ellis ("Plaintiff") alleges that he was sexually harassed and retaliated against by supervisors in violation of Title VII of the Civil Rights Act of 1964 during his employment at the Federal Deposit Insurance Corporation ("FDIC"). *See* Compl., Docket No. 1; *See also* 42 U.S.C. §§ 2000e-2 *et seq.* Defendant moves to dismiss or transfer this case to the Eastern District of Virginia because the majority of events

1

giving rise to Plaintiff's allegations took place at FDIC's Office of Minority and Women Inclusion (OMWI), located in Arlington, Virginia. Def.'s Mem. Supp., Docket No. 6 at 3.

**II. Legal Standard**

A case may be dismissed or transferred if the venue chosen by Plaintiff is improper or inconvenient. Fed. R. Civ. P. 12(b)(3). When considering a 12(b)(3) motion, the court must accept plaintiff's well-pled factual allegations regarding venue as true, but need not accept as true plaintiff's legal conclusions regarding venue. *See Darby v. Dept. of Energy*, 231 F. Supp.2d 274, 276 (D.D.C. 2002) (citation omitted). Courts may dismiss or, "in the interests of justice," transfer the case to any district in which the action could have been filed. *See* 28 U.S.C. § 1406; *see also Parker v. Sebelius*, Case No. 14-440, 14-508, 2014 WL 2921026 (D.D.C. June 27, 2014) (citing *Pendleton v. Mukasey*, 552 F. Supp.2d 14, 17 (D.D.C. 2008)). "Generally, the 'interest of justice' directive allows courts to transfer cases to the appropriate judicial district rather than dismiss them." *Id.* (citing *Ifill v. Potter*, No. 05-2320, 2006 WL 3349549, at *1 (D.D.C. Nov. 17, 2006)).

**III. Discussion**

Title VII contains a specific venue provision which establishes proper venue under four circumstances:

[1] in any judicial district in the State in which the

2

> unlawful employment practice is alleged to have been committed; [2] in the judicial district in which the records relevant to such practice are maintained and administered; or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). In his Complaint, Plaintiff alleges that the District of Columbia is the proper venue because Defendant's main office is in the District. Compl. ¶ 3. However, Defendant is correct that Title VII's fourth basis for venue is residual and considered only when venue is not possible under the first three Title VII venue provisions. *Kendrick v. Potter*, CIV.A.06 122 GK, 2007 WL 2071670, at *3 (D.D.C. July 16, 2007) ("[C]ourts consider the fourth basis for venue, i.e. the location of the defendant's principal office, only when the defendant cannot be found within any of the districts provided for by the first three bases.") (internal citations and quotations omitted).

In his response brief, Plaintiff does not advocate for finding proper jurisdiction under the fourth basis of Title VII's venue statute, but rather under the first Title VII venue provision. Specifically, Plaintiff argues that a "substantial portion" of the alleged unlawful employment practice occurred in the District and that the hostile work environment created by

3

his supervisors "extended" everywhere Plaintiff worked, including the FDIC Headquarters in the District. Pl.'s Mem. Opp., Docket No. 7 at 3-4. Plaintiff notes that in 2013 he was assigned burdensome tasks outside the scope of his normal duties in retaliation for rebuffing unwanted sexual advances, and that many of those tasks had to be completed in the FDIC DC headquarters. *Id.* at 3, citing Compl. ¶ 24-25. However, Plaintiff's Complaint includes no allegations of harassment that occurred in the District. Indeed, the majority of alleged harassment incidents occurred at the FDIC OMWI offices in Arlington, see e.g. Compl. ¶¶ 10, 11, 12, 13, 14, 17, 32 and 35, and others allegedly took place in Winchester, Virginia and Los Angeles, California. *Id.* at ¶¶ 21, 26.

"Venue determinations of where a claim arose are based on a 'commonsense appraisal' of events having operative significance in the case." *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983) (citation omitted). In this case, the vast majority of alleged unlawful interactions occurred at the FDIC OMWI office in Arlington, Virginia. The proper venue under the first Title VII basis is therefore the Eastern District of Virginia.

Moreover, Plaintiff cannot establish venue in the District based on the second or third Title VII venue provisions: he does not dispute that his employment records are maintained at the

FDIC Division of Administration ("DOA") office in Arlington, Virginia, *See* Pagano Decl., Docket 6-1 at ¶ 8, and but for the harassment and retaliation alleged by Plaintiff, he would still work at the FDIC OMWI in Arlington. For all of these reasons, the interest of justice weigh in favor of transferring this matter to the Eastern District of Virginia.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion to Transfer is **GRANTED**. An appropriate Order accompanies this Memorandum Opinion.


**Signed:   Emmet G. Sullivan**
**          United States District Judge**
**          December 18, 2015**